IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GRANT CLAPP,<br><br>Defendant. | 8:23CR12<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Defendant's Motion to Dismiss ([Filing No. 20](Filing No. 20)). A status conference was held regarding the motion on July 09, 2023. (Filing No. 26.) The Court ordered the government to file its evidence in opposition to the motion by August 9, 2023. (Filing No. 26.) Defendant was ordered to file his supporting evidence by August 31, 2023. (Filing No. 26.) The Court stated the motion would be deemed submitted upon receipt of Defendant's evidence. (Filing No. 26.)

The government submitted its evidence on August 9, 2023. Defendant advised the Court on August 30, 2023, that he would not be filing additional exhibits. Therefore, the motion was deemed submitted on August 30, 2023. Accordingly, this matter is now ripe for disposition.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be denied.

## FACTS

On June 30, 2022, Defendant was charged in the District Court of Douglas County, Nebraska with five counts of Sexual Assault in the First Degree. (Exs. 1, 2.) Defendant posted

bond on August 1, 2022, and was released from custody.  (Exs. 3, 4.)  As part of his conditions of release, Plaintiff was ordered to "[r]efrain from using firearms or other weapons."  (Ex. 4.)

On January 18, 2023, Defendant was federally charged with two counts of making false statements to purchase a .22 LR rifle in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). ([Filing No. 1](#).)  Section 922(a)(6) makes it a crime to knowingly "make any false or fictitious oral or written statement . . . intended or likely to deceive [an] importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of [a] firearm or ammunition under the provisions of this chapter [Chapter 44 of Title 18]."  [18 U.S.C. § 922(a)(6)](#).  Defendant was also charged with two counts of making false statements to two sporting goods stores to purchase a .22 LR rifle in violation of 18 U.S.C. § 924(a)(1)(A).  ([Filing No. 1](#).)  Section 924(a)(1)(A) makes it unlawful for any person to knowingly make "any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license."  [18 U.S.C. § 924(a)(1)(A)](#).

The Indictment alleges Defendant executed two Bureau of Alcohol, Tobacco, and Firearms Form 4473, Firearms Transaction Record, on November 12, 2022, in which he knowingly and falsely indicated he was not under indictment or information in any court for any felony or other crime for which a judge could imprison him for more than one year. ([Filing No. 1](#); Exs. 5, 6.)  Question No. 21.b on the 4473 forms asked Defendant to state whether he was "under indictment or information in any court for a felony, or any other crime for which the judge could imprison [him] for more than one year."  (Exs. 5, 6.)  Defendant responded "No" and signed the forms certifying "that [his] answers in Section B [were] true, correct, and complete;" that he understood "a person who answers 'yes' to any of the questions 21.b. through 21.k is prohibited from receiving or possessing a firearm;" and that "making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law."  (Exs. 5, 6.)  Defendant's applications for the firearms were denied.  (Exs. 5, 6.)

## DISCUSSION

Defendant argues this case must be dismissed pursuant to Federal Rule of Criminal Procedure 12(b) because the provisions of 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 924(a)(1)(A) are unconstitutional as applied to him based on the Supreme Court's decision in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). In *Bruen*, the Supreme Court stated that "[o]nly if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Bruen*, 142 S.Ct. at 2111 (internal quotation omitted). Defendant contends the regulations under §§ 922(a)(6), 924(a)(2), 924(a)(1)(A) are not consistent with the historical tradition that limits the Second Amendment's right to keep and bear arms.

The problem with Defendant's argument, however, is that it is well-settled that an individual "who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969). As stated by the United States Supreme Court, "[o]ur legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." *Bryson v. United States*, 396 U.S. 64, 72 (1969). "[A] claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit." *Dennis v. United States*, 384 U.S. 855, 867 (1966) (stating that it was not a defense to a charge of lying about communist party membership on affidavits to claim that the statutory scheme sought to be evaded was defective). A defendant who lies "as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." *Dennis*, 384 U.S. at 867. Courts have applied these settled principles to preclude individuals charged or convicted under 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A) from escaping accountability using constitutional challenges.

For instance, in *United States v. Ladd*, No. 2:22-CR-057, 2023 WL 4105414 (N.D. Ind. June 21, 2023), a defendant sought dismissal of an indictment that charged her with lying on various firearm purchase forms in violation of §§ 922(a)(6) and 924(a)(1)(A). The defendant argued that §§ 922(a)(6) and 924(a)(1)(A) infringed upon her Second Amendment right to keep

and bear arms by "conditioning her rights based upon providing information regarding indictment status and whether she is a user or addict of a controlled substance." *Id*. at *2 (internal quotation omitted). Rejecting this argument, the court found that the defendant could not "knowingly answer the question on the firearms dealer form falsely, and then after she [was] caught making a material misrepresentation, raise a constitutional challenge to the propriety of the very question." *Id*. (internal quotation omitted). The court continued, stating that "if [the defendant] wanted to challenge the constitutionality of the question being asked of her, she should have filed a civil suit invoking federal question jurisdiction." *Id*. In so holding, the court also noted that "[n]umerous precedents indicate that the prohibition on lying applies regardless of the statute or constitutional provision at issue." *Id*. at *6 (citing *Kay v. United States*, 303 U.S. 1, 6 (1938) (declining to review claim that Congress lacked constitutional authority to enact the Home Owners' Loan Act of 1933 raised by defendants who made false statements in violation of the act); *United States v. Moore*, 446 F.3d 671, 682 (7th Cir. 2006) (declining to decide if HUD regulation was unconstitutionally vague where defendant intentionally failed to disclose information).

Similarly, in *United States v. Lawton*, 366 F.3d 550, 553–54 (7th Cir. 2004), the defendant was charged with making a false statement to a firearms licensee in violation of § 924(a)(1)(A). On appeal following his conviction, the defendant argued that the statutory bar to the purchase of firearms by a person under information for a felony, 18 U.S.C. § 922(n), was unconstitutional. Affirming the defendant's conviction, the Seventh Circuit stated that the argument that the defendant could not be penalized under § 924(a)(1) for lying about indictment status on firearms acquisition forms because "the government cannot constitutionally prohibit a person facing felony criminal charges from receiving or transporting a firearm [under 18 U.S.C. § 922(n)]" was "dubious," in light of Supreme Court's repeated admonitions that "an individual may be prosecuted for knowingly making a false statement on a matter within the jurisdiction of the government, even if there are doubts about the government's authority to pose the inquiry giving rise to that statement." *Id*. at 553. *See also United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023) ("The word 'material' in § 922(a)(6) does not create a privilege to lie, when the answer is material to a statute, whether or not that statute has an independent constitutional problem.").

Defendant may not raise the constitutionality of §§ 922(a)(6), 924(a)(2), and 924(a)(1)(A) to evade prosecution. As stated by the Supreme Court, lying is not a permissible way to challenge the government's right to ask questions. Rather, if Defendant wanted to challenge the validity of the statutes, he could have answered the questions on the forms truthfully, and then initiated a civil suit contesting the statutes' constitutionality. Defendant cannot knowingly engage in deceit and then attempt to circumvent liability by arguing that statutes are unconstitutional. Defendant was on notice of his obligation to answer the questions put to him about his status truthfully. The forms expressly advised him that providing false answers constituted a felony criminal offense. Defendant cannot escape the consequences of his alleged actions by raising a constitutional challenge. Therefore, the undersigned will recommend that his Motion to Dismiss be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Dismiss be denied.

Dated this 19th day of September, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.