IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR12 |
| v. | |
| GRANT CLAPP, | MEMORANDUM AND ORDER |
| Defendant. | |

On January 18, 2023, a federal grand jury charged (Filing No. 1) defendant Grant Clapp ("Clapp") with two counts of knowingly making "a false and fictitious statement" to a federally licensed firearms dealer "in connection with the acquisition" of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and two counts of knowingly making "a false statement and representation" to a federally licensed firearms dealer with respect to the information the dealer was required to keep in its records, in violation of 18 U.S.C. § 924(a)(1)(A). Clapp moved to dismiss the Indictment in its entirety (Filing No. 20), arguing his prosecution "is barred by the Second Amendment to the United States Constitution." In his view, he "sought a .22 caliber rifle for lawful purposes" and the prohibitions in "18 U.S.C. §§ 922(a)(6) and 924(a)(2) and 18 U.S.C. § 924(a)(1)(A) are not part of the historical tradition that limits the outer bounds of the right to keep and bear arms" as described in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. ___, ___, 142 S. Ct. 2111, 2134-35 (2022) (rejecting ends-means scrutiny for a history-driven test).

As authorized by 28 U.S.C. § 636(b)(1)(B), the Court referred Clapp's motion to a magistrate judge[1] to submit "proposed findings of fact and recommendations for" its prompt disposition. *See also* Fed. R. Crim. P. 59(b) (allowing such referral of dispositive

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

matters). After reviewing the parties' submissions, the magistrate judge concluded Clapp could "not raise the constitutionality of §§ 922(a)(6), 924(a)(2), and 924(a)(1)(A) to evade prosecution" because "lying is not a permissible way to challenge the government's right to ask questions." In reaching that conclusion, the magistrate judge relied on the well-settled principle "that one who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969) (reaffirming the holdings of *Bryson v. United States*, 396 U.S. 64 (1969), and *Dennis v. United States*, 384 U.S. 855 (1966)). Applying that principle to the Indictment's charges of Clapp's alleged false and fictitious statements, the magistrate judge recommends his motion to dismiss be denied.

Clapp timely objected to the magistrate judge's Findings and Recommendation. In particular, he objects to her "conclusion that [his] right to possess a firearm under the Second Amendment is not implicated in this Indictment for lying on federal firearm forms" and her "decision to forego a Second Amendment analysis under" *Bruen*. According to Clapp, that "inquiry is essential because the false statements on which the Indictment is based relate to Clapp's right to acquire a firearm."

The government, unsurprisingly, opposes dismissal (Filing No. 33). It argues Clapp's motion "should be denied because it is well established that a defendant may not challenge the [c]onstitutionality of a statutory requirement when being charged with making false statements." *See Bryson*, 396 U.S. at 72 ("[I]t cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the Government should not have asked. Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them.") (footnote omitted). The government, quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27 & n.26 (2008), further argues "Clapp's substantive [c]onstitutional claim likewise fails" because

"[t]he Second Amendment permits 'presumptively lawful regulatory measure' designed to impose reasonable 'conditions and qualifications on the commercial sale of arms.'"

The Court has carefully reviewed de novo Clapp's objections and supporting arguments and finds no compelling reason to dismiss the Indictment against him. *See* 28 U.S.C. § 636(b)(1) (standard of review); Fed. R. Crim. P. 59(b)(3) (same); *United States v. Raddatz*, 447 U.S. 667, 674, 676 (1980) (describing the broad discretion district courts have in relying on "proposed findings and recommendations" to make a "*de novo* determination" under § 636(b)(1)). In short, the Court agrees with the magistrate judge that "the right of the people to keep and bear Arms," U.S. Const. amend. II, does not bar the government from prosecuting Clapp for allegedly making false and fictitious statements under the circumstances of this case. *See*, *e.g.*, *Knox*, 396 U.S. at 79; *Bryson*, 396 U.S. at 72. Clapp's assertion that the Court should reject the magistrate judge's Findings and Recommendation and grant his motion because she "mischaracterized the issues in this case" is without merit.

For the foregoing reasons,

IT IS ORDERED:
1. Defendant Grant Clapp's objections (Filing No. 31) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 30) are accepted.
3. Clapp's Motion to Dismiss (Filing No. 20) the four-count Indictment against him on constitutional grounds is denied.

Dated this 20th day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge